UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS RONALD RABENBERG,<br><br>Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES; TERESA BITTINGER, WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; AND THE ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA;<br><br>Respondents. | 4:24-CV-04088-ECS<br><br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING § 2254 HABEAS PETITION |

This matter comes before the Court upon Pro Se Petitioner Curtis Ronald Rabenberg's ("Rabenberg") objections to Magistrate Judge Veronica L. Duffy's Report and Recommendation ("R&R"). Docs. 39, 42. Judge Duffy recommends that the South Dakota Board of Pardons And Paroles; Teresa Bittinger, Warden of the South Dakota State Penitentiary; and the Attorney General for the State of South Dakota's (collectively "Respondents") Motion to Dismiss be granted and that Rabenberg's habeas corpus petition under 28 U.S.C. § 2254 be dismissed. Doc. 39 at 23. For the reasons below, this Court overrules Rabenberg's objections, adopts the R&R, grants Respondents' Motion to Dismiss, and dismisses Rabenberg's petition.

I.  **Background**

  A.  **Factual Background**

Judge Duffy provided a full factual background in her R&R, see id., so this Court will give only an overview of the facts necessary to resolve Rabenberg's objections.[1] Rabenberg

---

[1] Rabenberg objects to some of Judge Duffy's factual findings. Doc. 42 at 1–2. The Court will address these objections below.

1

pleaded guilty, through an Alford plea, to second-degree kidnapping and admitted to a Part II Information claiming that he was a habitual offender. South Dakota v. Rabenberg, 41CRI20-000007, at 105–06 (S.D. 2d Cir., Lincoln Cnty.) ("CR20-7"). On December 8, 2020, Rabenberg was sentenced to 30 years in prison, with 28 years suspended. Id. at 84–86, 147. Rabenberg's suspended prison term was conditioned on his continued compliance "with the terms of [his] parole," including not contacting the kidnapping victim, A.R., for 10 years. Id. at 147.

Rabenberg was paroled to federal custody in May 2021. Doc. 1-1 at 2–5.[2] On February 28, 2022, Rabenberg was released from his federal hold and began community supervision through the state-court system. Id. at 5. Rabenberg's state-court parole was subsequently revoked based on charges stemming from violating a protection order against A.R. and possessing methamphetamine. Id. at 4–6.[3] A two-person panel of the Parole Board ("Board") revoked Rabenberg's parole and imposed the 28 years of prison time that was previously suspended. Id. at 10–11.

Since his revocation, Rabenberg has appeared before a two-person parole panel multiple times. Doc. 1-1 at 12–16. First, on March 15, 2023, Rabenberg's parole was denied because he "had a poor supervision record on previous releases." Id. at 12.[4] At his second and third hearings on June 14, 2023, and December 12, 2023, Rabenberg's parole was denied, but no reason was given. Id. at 13–14. At his fourth hearing, which occurred on April 17, 2024, Rabenberg appeared in front of the full nine-person Board. Id. at 15–16. Ultimately, the Board

---

[2] While Rabenberg's state court cases were pending, he was indicted in federal court and subsequently pleaded guilty to being a felon in possession of a firearm. See United States v. Rabenberg, 4:20-CR-40065-KES (D.S.D. July 20, 2020); CR20-7.
[3] Rabenberg does not challenge the initial revocation of his parole. Doc. 1 ¶ 15.
[4] Rabenberg does not challenge this specific denial of his parole. Doc. 1 ¶ 15.

2

denied Rabenberg parole and set his next hearing for April 2026—the maximum time allowed between parole hearings under SDCL § 24-15A-29. Id. at 16.

### B. Procedural Background

On May 9, 2024, Rabenberg filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. In his petition, Rabenberg asserts five grounds for relief claiming:

1. The Board violated his right to due process by denying his parole without explaining its denial;

2. The Board violated his right to equal protection by not paroling him to federal custody;[5]

3. The Board violated his rights to due process and equal protection by denying him parole;

4. The Board violated his right to due process by considering an anonymous letter at his April 17, 2024 hearing; and

5. The Board violated his right to due process by conducting his April 17, 2024 hearing before the full 9-person Board.

Id. at 6–11. Respondents subsequently moved to dismiss the petition under Federal Rule of Civil Procedure 12(b)(6). Doc. 10. Rabenberg responded to the 12(b)(6) motion. Doc. 31. Respondents filed a reply brief. Doc. 32. Rabenberg submitted a sur-reply brief. Doc. 37.

This matter was referred to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which assigns magistrate judges the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. After considering the facts and law, Judge Duffy recommended that Respondents' Motion to Dismiss be granted and that Rabenberg's habeas petition be dismissed with prejudice. Doc. 39 at 23. Rabenberg filed six objections to the R&R. Doc. 42.

---

[5] Rabenberg admits this ground is now moot. Doc. 31 at 11.

3

## II. Legal Standard

This Court reviews a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), which provides "the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)).

## III. Discussion

Rabenberg's objections allege the R&R:

1. Improperly took judicial notice of one of his previous criminal files;

2. Incorrectly found that he, in his underlying conviction, tried to rape the victim;

3. Applied the incorrect standard of review to his petition;

4. Did not consider his argument on whether he had a liberty interest based on the Board's policies;

5. Did not consider his argument on his due process rights being otherwise violated because the Board did not list a reason for denying his parole; and

6. Incorrectly determined that his right to equal protection was not violated.

Doc. 42. This Court addresses each objection in turn.

### A. First Objection

Rabenberg first objects to the R&R's taking of judicial notice of his criminal file in State v. Rabenberg, 41CR20-000323 (S.D. 2d Cir., Lincoln Cnty.) ("CR20-323"). Id. at 1. This file includes a complaint and information from 2020 alleging that Rabenberg contacted A.R. in violation of existing protection and no-contact orders. CR20-323 at 1–4. The prosecution later

4

dismissed the charges. Id. at 25. As a result, Rabenberg claims this case, which alleges misdemeanor offenses, is irrelevant. Doc. 42 at 1.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 796–97 (8th Cir. 2009) (quoting Fed. R. Evid. 201(b)). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Courts may take judicial notice of public records. See United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999). However, "courts are not required to take judicial notice of irrelevant materials." Hargis v. Access Cap. Funding, LLC, 674 F.3d 783, 793 (8th Cir. 2012) (cleaned up); see Fed. R. Evid. 402. Importantly, analyzing a petition under § 2254 necessarily requires courts to review "the record that was before the state" actors that determined the claim. Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

This Court finds the R&R properly took judicial notice of Rabenberg's CR20-323 file. This file was dismissed in contemplation of Rabenberg's guilty plea on the kidnapping charge. See CR20-7 at 99. Accordingly, the CR20-323 file has at least a minimal connection to Rabenberg's kidnapping conviction. Moreover, the allegations contained within CR20-323 were not mentioned in the R&R's discussion of the issues and do not substantively alter this Court's analysis of Rabenberg's claims. Thus, this Court overrules Rabenberg's first objection.

**B. Second Objection**

Rabenberg next claims the R&R incorrectly found that, in his underlying kidnapping conviction, he tried to rape the victim "by dragging her upstairs, ripping her pants down and thrusting his hips into her while undoing his own pants." Doc. 42 at 1 (quoting Doc. 39 at 3).

5

For this fact, the R&R cites to the victim's impact statement from Rabenberg's sentencing hearing on his kidnapping charge. Doc. 39 at 3 (citing CR20-7 at 147). Rabenberg alleges these facts conflict with the Factual Basis of the kidnapping guilty plea stipulated to by Rabenberg and the prosecution. Doc. 42 at 2; see CR20-7 at 80 (Factual Basis of the kidnapping plea). This Court need not address this potential conflict because the sources of these facts are both contained in the CR20-7 file, which was judicially noticed in the R&R and not objected to by Rabenberg. Id. Moreover, Rabenberg's claims in his habeas petition do not hinge on these facts and were not mentioned in the R&R's analysis of the issues. Thus, this Court overrules Rabenberg's second objection.

### C. Third Objection

Rabenberg's third objection argues "that Judge Duffy applied an incorrect standard of review when deciding [his] claims." Doc. 42 at 2–3. Rabenberg specifically contests the R&R's statement that: "A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.'" Doc. 39 at 9 (quoting 28 U.S.C. § 2254(d)(1)). Rabenberg agrees the R&R's legal conclusion is true but argues it does not apply here because the parole board's decisions are *executive, not judicial*, decisions. Doc. 42 at 2. He also contends that, because the Board gave no reasoning for their subsequent parole denials, there are no factual findings for this Court to rely on. Id. Although the lone sentence Rabenberg objects to in the R&R suggests a § 2254 petition can only challenge *state court* decisions, the R&R did not analyze Rabenberg's subsequent parole denials in that way.

"Section 2254(a) permits a federal court to entertain an application for a writ of habeas corpus on behalf of a person 'in custody pursuant to the judgment of a State court.'" Alaska v.

Wright, 593 U.S. 152, 153–54 (2021) (per curiam) (quoting § 2254(a)). Furthermore, "[t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting § 2254(a)). Therefore, § 2254 petitions are proper when a petitioner is "in custody" pursuant to a state court judgment and their custody violates the Constitution or laws of the United States. After reviewing the R&R's discussion of Rabenberg's claims, this Court determines the R&R properly analyzed Rabenberg's claims with these principles in mind.

Judge Duffy determined Rabenberg's claims were excused from the exhaustion requirement because there was no available state corrective process. Doc. 39 at 12–13. The sentence Rabenberg objects to in the R&R, Doc. 42 at 2, quotes § 2254(d), which only applies to claims "adjudicated on the merits in State court proceedings."

Rabenberg apparently contends a single citation by Judge Duffy to § 2254(d) undermines her entire R&R. His argument is uncompelling. Under the "new" parole system that Rabenberg is subject to, "subsequent parole denials are not contested cases subject to appeal." Iron Shell v. Warden, Mike Durfee State Prison, No. 4:21-CV-05050-KES, 2023 WL 2535652, at *7 (D.S.D. Mar. 16, 2023). In other words, there are no state court proceedings on subsequent parole denials. Accordingly, § 2254(d) is inapplicable to Rabenberg's claims. See Abdulrazzak v. Fluke, No. 4:19-CV-04025-RAL, 2019 WL 5964974, at *6 (D.S.D. Nov. 13, 2019) (applying § 2254(d) when the claim was "adjudicated on the merits in state court"). The R&R, citing Iron Shell, determined for this very reason that Rabenberg's petition was excused from the exhaustion requirement and proceeded to analyze the merits of Rabenberg's claims. Doc. 39 at 12–13. In short, the R&R applied the correct standard of review when analyzing Rabenberg's petition and

Judge Duffy's citation to § 2254(d) does not undermine her analysis. Therefore, Rabenberg's third objection is overruled.

### D. Fourth Objection

Rabenberg next objects claiming the R&R failed to address his arguments on his due process claim. Doc. 42 at 3. Rabenberg maintains "he [has] a liberty interest that is made applicable by Board policy." Id. He argues that "he has a due process interest in knowing why his parole applications were denied because . . . . [t]he Board has created and adopted a policy that requires they give reasons for their actions in discretionary cases." Id. at 5; see Doc. 11-8 at 3 (The Board's guidelines on Structured Decision-Making Framework stating that "a decision summary/reason will be included on the board slip."). Rabenberg, however, admits the parole hearings his petition attacks are "discretionary." Doc. 42 at 5. He also does not object to the R&R's determination that he does not have a liberty interest in discretionary parole hearings pursuant to South Dakota statutes. See Doc. 39 at 16–17.

This Court has previously determined that, if an inmate lacks "a liberty interest in [his] parole, the Board cannot have violated [his] Due Process rights, regardless of the reasons for which the Board denied [his] parole." Sieler v. Bittinger, No. 4:23-CV-04119-KES, Doc. 24 at 14 (D.S.D. June 6, 2024) (dismissing habeas petition and denying certificate of appealability, which was then appealed), appeal dismissed, No. 24-2307, slip op. at 1 (denying application for certificate of appealability and dismissing appeal) (8th Cir. July 31, 2024). Furthermore, statutes, regulations, and policies only "create a protectible liberty interest" if they *require release upon satisfaction of the substantive criteria listed.*" Dace v. Mickelson, 816 F.2d 1277, 1280 (8th Cir. 1987); Jenner v. Nikolas, 828 F.3d 713, 716–17 (8th Cir. 2016) ("The existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally

protected liberty interest." (citing Olim v. Wakinekona, 461 U.S. 238, 250 n.12 (1983)). The policies that Rabenberg claims create a due process interest do not mandate his release upon the satisfaction of certain criteria. Thus, Rabenberg has no viable due process claim to challenge the Board's reasons, or lack thereof, for denying him parole because he has no liberty interest in discretionary, subsequent parole hearings or the procedural requirements governing them. See Jenner, 828 F.3d at 717 (holding that under South Dakota's "old" system that, even though "the Board is statutorily required to provide a hearing," this "right to a parole hearing is not a protected liberty interest, [and thus] there is no interest for process to protect in this case." (citing Olim, 461 U.S. at 250)). Rabenberg's fourth objection is overruled.

### E. Fifth Objection

Rabenberg next claims that even if he does not have a liberty interest in his parole or the procedures governing it, "he still has a due process right against arbitrary and capricious government action." Doc. 42 at 5. He cites Block v. Potter, 631 F.2d 233 (3d Cir. 1980), for the assertion that he is being denied parole for arbitrary or constitutionally impermissible reasons. Id. at 6.

Block is distinguishable from this case as the inmate there was denied parole on the ground that he was not the "typical Virgin Islands parole applicant" as "he was not black, Puerto Rican, or unskilled." 631 F.2d at 235. Rabenberg's first discretionary parole hearing, however, was denied because he "had a poor supervision record on previous releases." Doc. 1-1 at 12. Rabenberg concedes this "is a valid reason for denial." Doc. 1 ¶ 15. Thus, Rabenberg cannot claim his subsequent parole denials, where the Board failed to list a reason for denial, are synonymous to the ones in Block because nothing in the record suggests he was "arbitrarily

denied parole based on race, religion, political beliefs, or another impermissible factor." Newman v. Beard, 617 F.3d 775, 784 (3d Cir. 2010) (citing Block, 631 F.2d at 237).

In any event, under Eighth Circuit precedent, Rabenberg's "lack of a constitutional interest in the hearing itself is fatal to [his] claim." Jenner, 828 F.3d at 717. "Because [he] has no protected liberty interest upon which to base the implicit right [he] advances, [his] claim fails, at least as a constitutional matter." Id. Rabenberg's fifth objection is thus overruled.

### F. Sixth Objection

Rabenberg lastly objects to the R&R's determination that his right to equal protection was not violated. Doc. 42 at 6. Rabenberg contends the R&R improperly applied Nolan v. Thompson, 521 F.3d 983 (8th Cir. 2008), to the facts of his case. Doc. 42 at 6–7. Rabenberg maintains that he, unlike the petitioner in Nolan, was not given a consistent legitimate reason for denying his parole. Id.

Rabenberg admits he is asserting a class-of-one claim, Doc. 31 at 21–22, and as such "must prove that the Board systematically and 'intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment,'" Nolan, 521 F.3d at 989 (alteration in original) (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Although the Board has not "consistently" given Rabenberg a reason for denying his parole, it first denied his parole because he "had a poor supervision record on previous releases." Doc. 1-1 at 12. Rabenberg concedes this "is a valid reason for denial." Doc. 1 ¶ 15. Therefore, this Court will not indulge Rabenberg's request "to infer that the Board has intentionally discriminated against him." Nolan, 521 F.3d at 990. Still, after reviewing the record, this Court concludes Rabenberg did "not provide the requisite comprehensive canvassing of all possible relevant factors" or "provide a specific and detailed account of the nature of the preferred

treatment of the favored class." Id. (cleaned up). Therefore, Rabenberg's sixth objection is overruled.

IV.  **Certificate of Appealability**

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." Id. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that Rabenberg has failed to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied on all claims.

V.  **Order**

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that the Report and Recommendation, Doc. 39 is adopted in full. It is further

ORDERED that Respondents' Motion to Dismiss, Doc. 10, is granted. It is further

ORDERED that Rabenberg's objections, Doc. 42, are overruled. It is further

ORDERED that Rabenberg's habeas petition, Doc. 1, is denied. It is finally

ORDERED that a certificate of appealability is denied.

DATED this 25th day of March, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE